IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE GRANGER, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 3:10-cv-488-MEF |
| | ) |
| WILBERT, INC. | ) (WO - Do Not Publish) |
| | ) |
| DEFENDANT. | ) |

**MEMORANDUM OPINION AND ORDER**

On June 17, 2009, Stephanie Granger ("Granger") filed a lawsuit in the Circuit Court for Tallapoosa County, Alabama against Wilbert, Inc. ("Wilbert"). Granger alleged breach of contract and a claim pursuant to an Alabama statute for payment of commissions. Granger sought unspecified compensatory damages, additional damages in the amount of three times compensatory damages, and attorney's fees and costs. On June 4, 2010, Wilbert removed the action to this court invoking this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). On July 2, 2010, Granger filed a Motion to Remand (Doc. # 9), in which she argued that the removal was untimely and that the amount in controversy requirement was not met. The Court has carefully considered the applicable law and the arguments in support of and in opposition to the motion to remand and finds that it is due to be GRANTED because Wilbert's removal was not timely made.

**FACTUAL AND PROCEDURAL HISTORY**

During fiscal year 2008, Wilbert employed Granger. Granger contends that she was entitled to the benefit of Wilbert's sales incentive plan for that year. Granger contends that she met all of the required goals to be entitled to additional compensation under the incentive plan. Wilbert provided Granger with documentation of her earnings under the incentive plan, but did not pay her the additional compensation she earned.

As previously noted, Granger filed suit against Wilbert in Tallapoosa County, Alabama on June 17, 2009. On November 16, 2009, she filed an amended complaint. The amended complaint contained the following causes of action: breach of contract in the alleged amount of $21,760.00 plus interest, payment of commissions pursuant to Alabama Code § 8-24-2, negligence, wantonness, and several variants of fraud claims under Alabama common law (misrepresentation, suppression, deceit, and fraudulent deceit). In addition to the breach of contract damages of $21,760.00, Granger's amended complaint seeks three times the compensatory damages otherwise awardable to plaintiff and attorney's fees and costs. Thus, neither the complaint nor the amended complaint specified the amount of damages sought.

Wilbert attempted to ascertain the amount in controversy by sending a set of Requests for Admission to Granger. On January 6, 2010, Granger provided her response to the Requests for Admission. With respect to the Requests for Admission seeking to ascertain whether the amount in controversy in the lawsuit exceeded $75,000, Granger answered that

she lacked sufficient information upon which to admit or deny the statements. On January 20, 2010, counsel for Wilbert wrote to counsel for Granger seeking less "evasive" responses to the requests for admission and attempting to schedule her deposition.[1] After Granger's counsel failed to respond regarding the Requests for Admission, Wilbert's counsel filed a Motion to Compel in the Circuit Court for Tallapoosa County. Granger's counsel made no response to the February 3, 2010 Motion to Compel. On May 11, 2010, Circuit Judge Ray D. Martin heard oral argument on the motion. On June 2, 2010, he issued an order summarily denying the portion of the Motion to Compel directed at Granger's response to the Requests for Admission on the amount in controversy, but granted it in all other respects.

On June 4, 2010, Wilbert filed its Notice of Removal, in which it asserts that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). In its Notice of Removal, Wilbert asserts that it has "been unable to confirm the exact amount in controversy despite making all reasonable efforts to do so" and expresses concern that Granger's evasive pleading tactics were jeopardizing its right to remove the case because the one year deadline for removal was rapidly approaching. Wilbert contends that in the circumstances of this case, the Circuit Court's May 11, 2010 Order constitutes an order from which it may first be ascertained that the case is removable because it marks the point at which Wilbert exhausted the available remedies at the state court level to ascertain the exact

---

[1] It is not clear from the record submitted to the Court that Granger's deposition has ever been taken.

amount of damages Granger seeks.

On July 2, 2010, Granger filed a Motion to Remand (Doc. # 9). She challenges this Court's subject matter jurisdiction over this action on two grounds. She contends that the removal was not timely. She also asserts that Wilbert has failed to establish the requisite amount in controversy.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm. of Fla.*, 719 F.2d 1072, 1076 (11th Cir. 1983)*, cert. denied,* 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

Among the cases over which a federal district court may exercise subject matter jurisdiction are civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently *in excess of $75,000*, is met. *Id.*

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). However, the non-moving party may move for remand, which will be granted if "it appears that the district

court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095. When a case is removed from state court, the burden is on the party who removed the action to prove federal-court jurisdiction. *Id.*

In seeking remand, Granger contends both that Wilbert did not timely remove this case to federal court and that Wilbert has not met its burden of establishing that the amount in controversy exceeds the sum required by 28 U.S.C. § 1332(a). This opinion focuses on the issues relating to the timeliness of the removal. Wilbert, the party bearing the burden of proving federal jurisdiction, also has the task of proving to the court that the removal was timely. *See, e.g., Clingan v. Celtic Life Ins. Co.,* 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003). Because the Court concludes that the removal was not timely filed, it need not, and will not, address the amount in controversy.

In this case, all parties agree that complete diversity of citizenship existed at the time Granger filed suit. Granger is a citizen of Alabama. Wilbert is a corporate citizen of Illinois and North Carolina. It is also undisputed that Wilbert did not file its notice of removal until June 4, 2010.

Federal law limits the period in which a defendant may exercise his removal right from state to federal court.

> The notice of removal of a civil action or proceeding
> *shall be filed within thirty days after the receipt* by the

5

> defendant, through service or otherwise, of *a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based*....
>
> *If the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained that the case is one which is or has become removable,* except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added). Given that removal statutes must be construed narrowly, § 1446's time requirement is mandatory and must be strictly applied; "[t]imely objection to a late petition for removal will therefore result in remand." *Webster v. Dow United Techs. Composite Prods., Inc.,* 925 F. Supp. 727, 729 (M.D. Ala. 1996) (citations omitted) (remanding case removed more than thirty days after complaint filed and more than thirty days after plaintiff written responses to discovery revealed basis for federal jurisdiction). *Accord, Clingan,* 244 F. Supp. 2d at 1302-03 (granting motion to remand because defendant failed to remove case within thirty days of receipt of complaint from which it could have ascertained case was removable). Thus, the relevant inquiry is when could the removing defendant have first "intelligently ascertained" that the case was removable. *See, e.g., Clingan,* 244 F. Supp. 2d at 1302; *Webster,* 925 F. Supp. at 729.

Even if this court were to assume *arguendo* that the initial pleading in this case was not one from which the defendants could have intelligently ascertained that the case was removable, the case would still be due to be remanded. As previously explained, when the

6

case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). In this case, Wilbert contends that it removed the case within thirty days of receiving an "order" from which it could first ascertain that the case was removable. Nothing in that order on which Wilbert relies, however, in any way addresses the amount in controversy. The order is not so much a document from which Wilbert could intelligently ascertain the amount in controversy as it is as document from which it could intelligently ascertain that Judge Martin was not going to require Granger to provide more specific responses to the written discovery Wilbert had propounded on the issue of amount in controversy. Indeed, the arguments in the Notice of Removal reveal quite plainly that Wilbert is ascertaining its estimate of the amount in controversy from the allegations of the Amended Complaint and the responses to its Requests for Admissions. Without question, Wilbert possessed these documents more than thirty days before filing its Notice of Removal.

Mindful of the clear Eleventh Circuit precedent mandating remand of removed cases where federal jurisdiction and compliance with the procedural requirements for removal is not absolutely clear, the Court finds that the removal of this case from the Circuit Court of Tallapoosa County, Alabama was not timely for the reasons explained in this Memorandum Opinion and Order. Accordingly, the case must be remanded.

## CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, it is hereby ORDERED as follows:

(1) Plaintiff's Motion to Remand (Doc. # 9) is GRANTED.

(2) This case is REMANDED to the Circuit Court of Tallapoosa County, Alabama.

(3) The Clerk is DIRECTED to take appropriate steps to effect the remand.

(4) Any other pending motions are left for resolution by the Circuit Court of Tallapoosa County, Alabama.

DONE this the 31st day of January, 2011.

　　　　　　　　　　　　　　　　　　/s/ Mark E. Fuller
　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE